UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

19-20170-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

KENO BURTON, *et al.*,

    Defendants.
_____/

## MOTION TO SUPPRESS ITEMS SEIZED

Keno Burton, through undersigned counsel, moves this Court to suppress the items seized during a search of the vehicle he was driving and during a subsequent warrantless search of his cellphone. In support he states as follows:

Mr. Burton is charged with conspiracy to possess with the intent to distribute various narcotics and possession of a firearm in furtherance of a drug crime.

On March 27, 2019, Mr. Burton was driving a car he borrowed. The car was stopped by law enforcement. The police searched Mr. Burton's person and allegedly found narcotics. A subsequent search of the car allegedly revealed a hidden handgun. The car Mr. Burton was driving was unconstitutionally stopped and searched.

Law enforcement did not have reasonable suspicion to stop the vehicle. During the traffic stop, law enforcement seized a firearm and other contraband allegedly located inside the vehicle. Law enforcement did not have probable

cause to search the car. Law enforcement later searched Mr. Burton cell phone without a search warrant and absent circumstances allowing for a warrantless search. Accordingly, the contraband seized from the vehicle and the information taken from Mr. Burton's cellphone should be suppressed from evidence at trial.

### *Law Enforcement did not have reasonable suspicion to initiate a traffic stop.*

The Fourth Amendment protects individuals from unreasonable search and seizure. A traffic stop is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Because a routine traffic stop is only a limited form of seizure, it is more analogous to an investigative detention than a custodial arrest. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). Therefore, the legality of traffic stops is analyzed under the *Terry* stop standard. *Terry v. Ohio*, 392 U.S. 1, 20 (1968). Under *Terry*, an officer's actions during a traffic stop must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Id*. at 20; *see also United States v. Arviza*, 534 U.S. 266 (2002)(totality of the circumstances determines if reasonable suspicion exists for traffic stop). The duration of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop. *United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999). The traffic stop may not last "any longer than necessary to process the traffic violation" unless there is articulable suspicion of other illegal activity. *United States v. Holloman*, 113 F.3d 192, 196 (11th Cir. 1997).

Here, law enforcement improperly initiated a traffic stop of Mr. Burton's vehicle without reasonable suspicion. Mr. Burton did not commit any traffic violations. The traffic stop was pretextual because the officer pulled Mr. Burton over to investigate a drug crime and to search his vehicle. However, law enforcement lacked sufficient evidence to initiate the encounter.

### *Law Enforcement did not have probable cause to search the vehicle.*

Mr. Burton has standing to contest the search of the vehicle he was driving. *United States v. Miller*, 821 F.2d 546 (11th Cir. 1987)(driver of borrowed car has standing to contest search of the vehicle).

Law enforcement must have probable cause to search a vehicle and any containers within that vehicle. *United States v. Ross*, 456 U.S. 798 (1982). Probable cause exists when law enforcement officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. *Beck v. Ohio*, 379 U.S. 89 (1964). Probable cause is more than a "mere suspicion." *United States v. $242,484.00*, 389 F.3d 1149 (11th Cir. 2004). Probable cause is decided on an objective basis by courts without regard to the subjective beliefs of law enforcement officers, whatever those beliefs may have been. *Craig v. Singletary*, 127 F.3d 1030 (11th Cir. 1997).

Here, the vehicle Mr. Burton was driving was searched without probable cause. The officer had no evidence that Mr. Burton was either a safety threat or that contraband was in the vehicle. Mr. Burton should never have been ordered

out of his car. Considering the totality of the circumstances, law enforcement did not have probable cause. Therefore, law enforcement improperly searched the vehicle and improperly searched and seized firearms and narcotics seized. The subsequently seized firearm and narcotics should be suppressed as a fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

### *Law Enforcement Searched Mr. Burton's Phone Without a Warrant.*

Subsequent to Mr. Burton's arrest, law enforcement searched Mr. Burton's phone without a warrant. *Riley v. California*, 573 U.S. 373 (2014)(generally police cannot search a cellphone without a warrant). As a result of the search, law enforcement retrieved incriminating text messages and other data. It should all be excluded at trial.

WHEREFORE, Mr. Burton respectfully requests that this Court suppress the items seized from the above-mentioned searches. Mr. Burton also requests an evidentiary hearing regarding this motion.

Respectfully submitted,

JOHN W. WYLIE, P.A.
s/ John W. Wylie_____
Attorney: John W. Wylie, Esq.
Florida Bar No. 0133817
150 Southeast 2nd Avenue, Suite 602
Miami, Florida 33131
Telephone:   (305) 358-6767

**CERTIFICATE OF SERVICE**

4

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via EM/ECF this 4th day of November, 2019.

s/ John W. Wylie
John W. Wylie
